UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MUAMMER VAROL,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PAVE-RITE, INC.,<br>　　　　　Defendant. | Civil Action No.: 11-422 (PGS)<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter comes before the Court on Defendant Pave-Rite, Inc.'s, ("Defendant") motion to dismiss plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6), ("Defendant's Motion") and *Pro Se* Plaintiff, Muammer Varol's ("Plaintiff") oral request for appointment of counsel. This action arises from Plaintiff's complaint filed on January 20, 2011, ("Plaintiff's Complaint") alleging that Defendant's failure to rehire Plaintiff for the 2010 season was discriminatory under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. On July 28, 2011, the Court heard oral argument on the motion to dismiss. At that time the motion to dismiss was converted to a motion for summary judgment because Varol, who was homeless and living in his car, was attempting to assert more facts than were set forth in the complaint. As such, the Court adjourned the July 28, 2011 hearing so that additional facts could be submitted. Thereafter, on September 28, 2011, the Court heard the testimony of Mr. Varol and accepted the affidavit of Mr. Stires (principal of Pave-Rite). Since Mr. Varol had few resources, the essential purpose of the hearing was to gather more facts from the testimony of Mr. Varol to augment his complaint to see if he had a cognizable claim. As

such, the motion to dismiss for failure to state a claim is the more appropriate issue to consider than the motion for summary judgment. For the reasons set forth below, this Court grants Defendant's motion to dismiss, and denies Plaintiff's request to appoint pro bono counsel.

I.

Plaintiff's complaint consists of a form "EEOC Complaint" with several handwritten pages attached. The EEOC Complaint Form (Complaint Form) consists of a series of questions framed so that the answers will set forth a cause of action. Unfortunately, Plaintiff failed to fill in any facts on the form. For example, paragraph 9 of the Complaint Form states "the acts complained of by you in this suit concern." Under that sentence, Mr. Varol checked off three answers – (a) failure to employ; (b) termination of employment; and (d), other acts (which Mr. Varol described as "discrimination at work"). Underneath the check-off section, there are five lines to insert an explanation. Mr. Varol left those lines blank. In addition, paragraph 10 of the Complaint Form states "defendant's conduct is discriminatory with respect to which of the following." Immediately below, there are three lines to insert facts. Mr. Varol left these lines blank. In short, within the form Complaint, there are no facts alleged by Mr. Varol which set forth a cause of action for discrimination.

Since the Complaint Form failed to give any basis for the lawsuit, it was necessary to refer to Plaintiff's handwritten pages. Again, Plaintiff failed to allege any specific facts within the handwritten pages to support a claim of discrimination. Throughout the handwritten pages, Mr. Varol alleges that his supervisors, Wolf and Klein, gave him a "hard time". Mr. Varol explained, "didn't matter how perfect I did the job, they were finding something to blame on me," and "they were doing everything in their power [to] make me quit." Moreover, Varol claims the supervisors

"almost declared war against me." However, there are no facts alleged upon which a claim of discrimination could be supported.

At oral argument, Mr. Varol was questioned about the factual basis for his complaint. Mr. Varol testified that he was employed at Pave-Rite from 2004-2006 as a truck driver; and in December, 2006, Varol and his wife were undergoing a divorce proceeding. Due to his personal turmoil during the divorce, Varol asked Stires (owner of Pave-Rite) if he could stop working as he had in other years because the winter months are slow for a paving company. Stires objected because there was more work and demanded that Varol leave the premises immediately. Varol applied for unemployment; but Pave-Rite opposed the application on the basis that Varol quit[1].

In the years of 2007 and 2008, Varol could not find work. He was homeless and living in his car. In the Spring of 2009, Pave-Rite rehired Varol as a truck driver; but Varol contends that Wolfe and Klein (his supervisors) continued to badger him. Varol contends that the badgering was due to his nationality (Turkish) and his religion (Muslim).

At the end of 2009, Varol was terminated, and in March and April of 2010, Varol sought work at Pave-Rite again. Varol was hired for two days in April. On Mr. Varol's first day of work, he injured his knee, and he was absent on the second day due to the injury. After the injury, Mr. Varol submitted his hospital bill to Mr. Stires. Mr. Stires refused to process the bill with the insurance company[2].

---

[1]   This fact may have supported a claim for unemployment compensation; but that issue is not raised here.

[2]   This may be an appropriate workers compensation claim; but that issue is not being raised here.

Sometime in May 2010, Varol alleges that Pave-Rite may have hired another driver, instead of him. According to Varol, Pave-Rite hired a driver named Mario who Varol "assume[s]" is of "Spanish background," but he is only "guessing." In response to this accusation, Mr. Stires in an affidavit asserts Pave-Rite had four drivers in 2010 – two were of Costa Rican descent, an Italian-American, and a Portuguese person.

During the hearing, the Court questioned Varol about his alleged differential treatment, and how Varol knew it was related to his origin and religion.

> THE COURT: What you're describing is you might have gotten a hard time, but I don't understand how it's related to your country or your origin.
>
> MR. VAROL: Because it was no other reason, your Honor. I was doing same job as other drivers, it is only the different on me, my origin and my religion. Other than that, I am sure if I am not different to them, I will get same treat what the other drivers get.
>
> THE COURT: So, did anyone ever say that they were treating you differently because of your origin?
>
> MR. VAROL: They - - didn't say that.
>
> THE COURT: They did not.
>
> MR. VAROL: But they mean - - they didn't say, but they mean with the way they talking.

Thereafter, Varol concluded because "I was taking one of American people job. And they don't want to see my face there, they don't want to hear my name there." (9/28/11 hearing T 12, L 8-11). Despite Varol's claim of discrimination, there are no facts to support it. For instance, during his testimony in support of his claim, Varol stated that Wolf, his supervisor, would never instruct him about his job. Varol stated "it was [Wolf's] job to tell every driver [where] they are going, what

4

job they going . . . he was telling to everybody, when he comes to tell to me he was disappearing." (9/28/11 T15, L 9-14). By "disappearing" Varol meant he couldn't find Wolf. Varol complained "I tried to call him a lot of time . . . a lot of time I couldn't reach him, he was not answering the phone" (9/28/11 T13, L 16-22). Besides the inference that Wolf was avoiding him, there was no proof of discrimination. In another instance, Varol explained that Wolf and Klein complained about the quality of Varol's work including the operation of the asphalt machine. (9/28/11 T 13, 23-25). At one point in time during his employment, Varol was working with the asphalt machine which needed to be filled with water in order to operate properly. The machine ran out of water and the engine may have seized. According to Varol, "everybody stop, everybody goes to the same place . . . they were talking about me people were laughing." (9/28/11 T 17, L 22 - T 18 L5). Despite the allegation, it does not support a cause of action for discrimination. It sounds more like misuse of a machine. Moreover, Varol does not allege that Defendant or any of Defendant's employees ever made any disparaging comments about his race, origin or religion, or other facts to support his claim.

Mr. Varol also requests that the Court appoint an attorney to represent him. According to Mr. Varol, he attempted to retain "five different lawyers" over a five month period; but none accepted his case because he could not make payments.

## II.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, Rule 8(a)(2) requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation

in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it". See, 5 Wright & Miller § 1202, at 94, 95. "To survive motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Here, Plaintiff has pled "unadorned assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In this case, as Plaintiff is appearing pro se, his pleadings should be liberally considered. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir.2004) "[The Court will] apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." However, a court can dismiss the claims *sua sponte* if they are insufficiently plead under Rule 8(a)(2). *See Hines v. Rimtec Corp.*, Docket No. 07-966, 2007 WL 2332193, *1 (D.N.J. Aug.13, 2007); *see also Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir.1980).

Here, Plaintiff has not satisfied the Rule 8 pleading requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp.*, 550 U.S. at 545 (other citations omitted).

With regard to the claim of discrimination, Plaintiff has not set forth the elements for a prima facie case for discrimination pursuant to Title VII. Plaintiff merely argued that while employed by Pave-Rite, Plaintiff was given a "hard time" and subsequently, he was not hired for the full 2010 season. Plaintiff has not set forth any evidence of discrimination. Specifically, Plaintiff has not identified any statement, action, or circumstance where Plaintiff was treated differently because of

6

his protected status. Plaintiff has also not established any causal link between Plaintiff's alleged discriminatory treatment and Plaintiff's race, national origin or religion. Mr. Varol mentions that another driver may have been hired rather than him in 2010. Mr. Varol notes that the driver may be Spanish as opposed to being Turkish and Muslim; but there is not direct evidence of discrimination where he indicated that he "was guessing" about the allegation. *Shah v. Bank of America*, 598 F.Supp.2d 596 (2009) . Given that the complaint is devoid of facts, this vague allegation of hiring a non-Muslim driver is not sufficient facts to show discrimination by Pave-Rite. As such, the motion to dismiss is granted. See generally *Patel v. Tiffany*, 2010 WL 165592 (N.J. App. Div. 2010); *Eldeeb v. Potter*, 675 F. Supp. 2d 521 (Ed. Pa. 2009).

Ordinarily, the Court will grant the Plaintiff an opportunity to amend his complaint unless it is futile. Here, Plaintiff was permitted to add evidence at two hearings and he failed to do so. As such, granting another opportunity to amend is not worthwhile. It is futile.

## IV.

Plaintiff has also orally requested appointment of counsel. A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir.1997); *Tabron v. Grace*, 6 F.3d 147, 153–54 (3d Cir.1993). Nevertheless, under certain circumstances, the court may, in its discretion, appoint an attorney to represent an indigent civil litigant. See 28 U.S.C.A. § 1915(e)(1). Here, the Plaintiff sought representation from five different lawyers, but all of them declined.

In evaluating a motion to appoint counsel, the court must first examine the merits of Plaintiff's claim to determine if it has "some arguable merit in fact and law." *See Tunnell v. Gardell*, 2003 WL 1463394 at * 1 (D.Del. Mar. 14, 2003) (Slip Copy) (citing *Parham*, 126 F.3d at 457) (other

7

citations omitted). If the court is satisfied that the claim is "factually and legally meritorious," then the following factors must be examined: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of a plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his or her own behalf. *See id.* (citing *Parham*, 126 F.3d at 457-58; *Tabron*, 6 F.3d at 155-56, 157 n. 5).

Here, in determining whether to appoint counsel, the Court has examined the merits of Plaintiff's claim and has determined that Plaintiff's claim is not "factually and legally meritorious." As set forth above, Plaintiff has failed to establish a prima facie case for discrimination pursuant to Title VII. Since Plaintiff's claim is not "factually and legally meritorious;" it is unnecessary to examine other factors to determine whether appointment of counsel is appropriate. *See Id.*

IT IS on this 29th day of November, 2011

ORDERED that defendant's motion to dismiss is granted and Plaintiff's's motion to appoint counsel is denied. The case is dismissed.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

November 29, 2011